UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____
                                    )
JANE DOE,                           )
                                    )
            Plaintiff,              )
                                    )        ___CV_____
    -against-                       )
                                    )
                                    )
JASON WOJCIECHOWSKI and             )
JOHN DOES 1-10,                     )
                                    )
            Defendants.             )
                                    )
_____ )

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION FOR LEAVE FOR PLAINTIFF TO APPEAR ANONYMOUSLY**

Plaintiff Jane Doe, by and through her attorney, Lindsay Lieberman, Esq., respectfully submits this Memorandum of Law in Support of her Motion for Leave for Plaintiff to Appear Anonymously in this matter.

### PRELIMINARY STATEMENT

Plaintiff brings this action following Defendant's prolonged and harmful campaign of distributing graphic nude photographs and videos of her without her knowledge or consent, coupled with false and defamatory statements about her sexual proclivities. *See* Decl. of Jane Doe at ¶¶ 8-15. Beginning in 2011 and over the course of their intimate relationship and marriage, Defendant captured and secretly disseminated graphic nude photographs and videos depicting Plaintiff's fully nude body and circulated them to mutual friends, acquaintences, professional contacts, and strangers via websites such as such as Reddit and various dating applications. *See id.* at ¶¶ 7-12.

1

In June 2024, Plaintiff discovered that Defendant had secretly disseminated the deeply personal and intimate images – some showing her face and clearly identifying her – to dozens of individuals, including people she personally knew and professional contacts over the prior ten years. *See id.* at ¶ 8. Plaintiff became aware of Defendant's campaign of nonconsensual image distribution when a man Plaintiff knew personally – one of the individuals to whom Defendant had sent her images – told Plaintiff about them. *See id.* at ¶ 9. Plaintiff has since identified to at least twelve individuals, from all stages of her life, who received nude images of her from her own husband without her knowledge or consent. *See id.* at ¶ 10.

Upon further investigation, in August 2024, Plaintiff discovered the unauthorized distribution of her nude images on public Internet pornography websites, including Erome.com and Rexxx.org. *See id.* at ¶ 13. On April 15, 2025, Plaintiff discovered seven nude images of herself published on a website called "sltboard.space," where her face was clearly visible alongside clothed photos and biographical details identifying her as a playwright and screenwriter in New York. *See id.* at ¶¶ 17-19. Most recently, on April 16, 2025, while searching her own name online, she discovered an unauthorized profile on the camming site "CamSoda" that displayed her full name, location, age, hair and eye color, and a degrading description of her breasts. *See id.* at ¶¶ 19-20.

Defendant compounded the harm by creating and spreading false claims that Plaintiff is an "exhibitionist," has performed "cam" work, and seeks sexual encounters with specific personal friends and professional acquaintances. *See id.* at ¶ 15. These actions have not only inflicted severe emotional distress and reputational damage but have also exposed Plaintiff to real-world danger offline. *See id.* at ¶¶ 16, 23-31. Because Plaintiff is in the process of applying for positions to teach theater, Defendant's ongoing dissemination of her nude images—some tied

to her real name—and the accompanying fabrications threaten her livelihood, safety, and professional prospects. *See* Decl. of Jane Doe at ¶¶ 26, 31.

Defendant's actions are clear violations of federal and state privacy laws, and as a result, Plaintiff fears for her safety and now seeks injunctive, declaratory, and monetary relief for the extensive harm she has endured, bringing claims under 15 U.S.C. § 6851, New York's non-consensual pornography statutes, New York City's Administrative Code § 10-80, and for outrageous conduct causing emotional distress, negligent infliction of emotional distress, breach of contract, and defamation. *See* Pl. Compl. at ¶ 7.

As a result of Defendant's actions, Plaintiff has suffered significant emotional and psychological distress, reputational damage, and serious safety concerns. *See* Decl. of Jane Doe at ¶¶ 16, 23-31. Given the wide circulation of her intimate images and the risk that public filings could draw further attention to the very material she seeks to suppress, Plaintiff fears that proceeding under her true name will only magnify the harm. *See id.* at ¶¶ 23-25. Therefore, she respectfully requests that the Court permit her to proceed anonymously as "Jane Doe" in this action, and that any party be prohibited from otherwise publicly identifying Plaintiff by filing unredacted images, including photographs and videos, of her.

## FACTUAL BACKGROUND

Plaintiff and Defendant have been in an intimate relationship since 2011. On September 15, 2012, Plaintiff and Defendant were married. In October 2015, Plaintiff and Defendant had a child together. *See id.* at ¶ 7.

Plaintiff's primary profession is as a screenwriter and playwright, and she is actively applying for positions teaching theater. *See id.* at ¶¶ 5, 6.

Unbeknownst to Plaintiff until recently, Defendant distributed graphic nude photographs and videos of her— without her knowledge or consent —throughout nearly the entire duration of their relationship to multiple third parties, both identifiable and unknown. *See id.* at ¶ 8.

To date, Plaintiff has identified approximately seventy-nine (79) nude images of herself that Defendant disseminated to known individuals, including people in Plaintiff's personal and professional life, in addition to dozens or more strangers, online on dating apps and Reddit threads, and others Plaintiff has not yet uncovered. *See id.* at ¶¶ 10, 12-13. Those images include photographs in which her face is clearly visible, as well as depictions of her bare breasts, nipples, genitals, anus, and herself engaging in explicit sexual conduct with Defendant. *See id.* at ¶ 11. Defendant sent these images to friends, colleagues, and strangers, uploading them to websites such as Reddit and to various dating applications. *See id.* at ¶ 12.

In addition to disseminating nude images of Plaintiff without her consent, Defendant created and spread false and harmful statements regarding Plaintiff's sexual proclivities. *See id.* at ¶ 14. These fabrications included claims that Plaintiff had engaged in "cam" work, that she is an "exhibitionist," and that she actively seeks sexual encounters with specified friends, professional colleagues, and acquaintances. *See id.* at ¶ 15.

Defendant's campaign of humiliation and degredation has endangered Plaintiff's safety both online and off. *See id.* at ¶ 16.

On April 15, 2025, Plaintiff discovered seven nude images of herself published on a website called "sltboard.space," each with her face clearly visible. *See id.* at ¶ 17. Adjacent to these nude images depicting her bare breasts, nipples and genitals, were clothed photographs and biographical details identifying Plaintiff as a playwright and screenwriter in New York. The post directed visitors to "extend, save, and repost whore [her first name]. *See id.* at ¶¶ 18-19.

4

On April 16, 2025, while conducting an online search of her own name, Plaintiff discovered an unauthorized profile on the camming website, "CamSoda." *See id.* at ¶ 20. That profile included her full name, location, age, hair and eye color, and a degrading description of her breasts. *See id.* at ¶ 21.

Plaintiff promptly retained professional content-removal services to eliminate the unauthorized images, profiles, and defamatory material from the Internet as swiftly as possible. *See id.* at ¶ 22. Because her nude images remain tied to her real name and circulate in real time, Plaintiff fears that any further public exposure will only accelerate their spread and impede removal efforts. *See id.* at ¶¶ 23-24. Furthermore, Plaintiff's ongoing job search to teach theater is jeopardized by the existence of these nude images and the false allegations about her sexuality. *See id.* at ¶ 25-25. Compounding her distress, Plaintiff fears that Defendant's misrepresentations will lead individuals to believe Plaintiff seeks sexual encounters with them, raising the risk of unwanted advances and potential danger. *See id.* at ¶¶ 27-28.

Given Defendant's apparent intent to exploit and publicize Plaintiff's body and sexuality, she fears that filing this lawsuit in her true name will provoke him to escalate his campaign of exposure and retaliation, and his past conduct indicates he will continue to publish and disseminate her intimate images unless restrained by the Court. *See id.* at ¶ 29. Indeed, Defendant has threatened to disclose additional material purportedly taken from Plaintiff's devices, further heightening her fear of retaliation once this action is filed. *See id.* at ¶ 30.

As a result of Defendant's actions, Plaintiff has suffered, and continues to suffer, profound emotional distress, reputational harm, and significant threats to her safety, her child's future, and her livelihood. *See id.* at ¶ 31.

On June 13 2025 Plaintiff filed her complaint in the Eastern District of New York seeking injunctive, declaratory, and monetary relief against Defendant for violations of federal privacy laws, New York's nonconsensual pornography statutes, outrageous conduct causing emotional distress, negligent infliction of emotional distress, breach of contract, and defamation. *See Pl. Compl.* at ¶ 7.

## ARGUMENT

Plaintiff is permitted by law to proceed anonymously in this action. Among her claims, Plaintiff brings an action pursuant to 15 U.S.C. § 6851 for Defendant's unlawful disclosure of her intimate images. Section 6851 explicitly allows a plaintiff to proceed anonymously. *See* 15 U.S.C. § 6851(b)(3)(B) (stating,"[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."). Federal courts across the country have permitted plaintiffs suing under this provision to proceed under a pseudonym. *See, e.g., Doe v. Willis*, 23-CV-2171-REB-SBP, 2023 Dist. LEXIS 188787, at *2 (Dist. Colo. Sept. 22, 2023); *see also Doe v. Sultan*, 3:23-CV-00667-FDW-DCK, 2023 U.S. Dist. LEXIS 191853, at *1 (N.C.W.D. Oct. 25, 2023).

Additionally, while Federal Rule of Civil Procedure 10(a) generally requires parties to expressly identify themselves in their respective pleadings, federal courts have "carved out a limited number of exceptions to the general requirement of disclosure . . . , which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff,* the Second Court of Appeals endorsed the Ninth Circuit's balancing test and held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *See id.* (vacating the district

6

court's order that denied plaintiff's application to prosecute her claims under a pseudonym). The Second Circuit elaborated that several non-exhaustive factors should be considered, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . , (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations omitted) (internal quotations omitted). Application of these factors to a case rest in the sound discretion of the district court. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *3 (N.D.N.Y. Nov. 27, 2019).

Here, nearly all of the relevant factors weigh in favor of granting Plaintiff's request to bring this litigation pseudonymously.

**First**, this litigation involves matters that are highly sensitive and of a personal nature, as it centers around Defendant's distribution of Plaintiff's intimate images. *See* Decl. of Jane Doe at ¶ 8. Defendant distributed numerous sexually explicit images of Plaintiff – including depictions of her breasts, nipples, genitals, anus, and images showing her engaged in sexual acts – to several individuals and published them on various websites and dating platforms, all without Plaintiff's

knowledge or consent. *See id.* at ¶¶ 11-12. The exposure of Plaintiff's private images is highly sensitive and personal in nature. *See Doe v. Black*, 23-CV-6418 (JGLC), 2023 U.S. Dist. LEXIS 147645, at *4 (S.D.N.Y. Aug. 18, 2023) (finding that litigation involving intimate images and sexual assault is "highly sensitive and of a personal nature"); *see also Doe v. Grace Baptist Church*, 1:21-CV-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May 11, 2022) (holding plaintiff has an interest in anonymity where her allegations involve sexual abuse); *Smith*, 2019 U.S. Dist. LEXIS at *3-4 (finding that a case that "will likely require a detailed discussion of . . . [a] sexual encounter" weighs in favor of permitting a plaintiff to proceed anonymously).

**Second**, identification poses a risk of retaliatory harm to Plaintiff. Defendant has already demonstrated his willingness to humiliate and degrade Plaintiff by distributing her intimate images and by falsely telling friends, professional colleagues, and acquaintances that she seeks sexual encounters with them. *See id.* at ¶¶ 8, 12, 14-15. If Plaintiff's identity is revealed, Defendant could continue to exploit the situation and further harm Plaintiff. Defendant's campaign has already caused Plaintiff severe emotional distress and reputational damage, and his past behavior indicates a serious risk of continued harassment. *See id.* at ¶¶ 25-31.

**Third**, public disclosure of Plaintiff's identity would subject her to further emotional and reputational harm and is needlessly revictimizing. Defendant has shared Plaintiff's explicit images on various websites and linked them to her identifying information, making her highly vulnerable to additional harassment and exploitation. The risk of public shaming and revictimization is significant should Plaintiff be required to reveal her name. *See* Doe v. Grace Baptist Church, 1:21-CV-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May

8

11, 2022) (holding anonymity is warranted where the plaintiff is vulnerable to emotional and reputational harm).

**Fourth**, while Plaintiff is an adult, her livelihood and professional reputation as a playwright, screenwriter and teacher are particularly vulnerable to the reputational damage caused by Defendant's actions. The public association of her name with this lawsuit, involving the non-consensual dissemination of intimate images, would jeopardize her professional opportunities. *See id.* at ¶ 26.

**Fifth**, this suit challenges the actions of a private individual, Defendant, rather than a government entity, and therefore, the factor weighing government accountability is inapplicable here. Plaintiff does not challenge government action but seeks relief for private wrongs committed by Defendant.

**Sixth**, Defendant will not be prejudiced by allowing Plaintiff to proceed under a pseudonym. *See Black*, 2023 U.S. Dist. LEXIS at *4; *see also Grace Baptist Church*, 2022 U.S. Dist. LEXIS at *7 (finding defendant would not be prejudiced if plaintiff remained anonymous). Defendant is fully aware of Plaintiff's identity and has extensive knowledge of the facts of this case, as he is the individual responsible for the unlawful dissemination of Plaintiff's images. *See id.* at ¶ 8. Allowing Plaintiff to proceed anonymously will not prevent Defendant from defending himself or obtaining discovery necessary to litigate this case.

**Seventh**, Plaintiff's name is not known to the public at large, and she leads a private life. Maintaining this confidentiality is crucial to protecting her from further harm. *See id.* at ¶¶ 24, 31.

As to the **eighth** factor, the public's interest in this litigation is not furthered by knowing the identity of Plaintiff, a private person. Plaintiff is a private person with no public profile, and

revealing her identity would not advance the public's understanding of the case. The public can access all relevant information without knowing Plaintiff's name.

**Ninth**, there is a weak public interest in knowing Plaintiff's identity due to the personal nature of the allegations. Plaintiff is not a public figure, and the issues at hand involve private, sensitive matters related to Defendant's unlawful conduct. There is little public benefit in knowing her identity.

**Tenth**, there are no alternative mechanisms for protecting Plaintiff's confidentiality. Given the nature of Defendant's actions and the ongoing harm caused by the dissemination of her intimate images, anonymity is the only viable way to prevent further damage to Plaintiff's mental, emotional, and professional well-being. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *6.

Here, Plaintiff should be permitted to prosecute this action under a pseudonym. Further, the parties should be prohibited from publishing any unredacted documents that identify Plaintiff by image because such actions would undermine Plaintiff's ability to proceed anonymously.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court grant her Motion for Leave to Appear Anonymously, order that she be permitted to appear as "Jane Doe," proceedings, and prohibiting the public disclosure of Plaintiff's name or any personally identifying information; and direct that no unredacted images of Plaintiff be filed on the public docket, and that any such images required for submission be filed under seal or with redactions sufficient to prevent Plaintiff's identification and further harm.

Respectfully submitted,

/s/ Lindsay Lieberman
Lindsay Lieberman, LLC
5335 Wisconsin Avenue NW
Suite 440, PMB 4025
Washington D.C. 20015
(401) 314-0219
Lindsay@LindsayLieberman.com
Attorney for Plaintiff
Bar No: LL5437